No. 8607.

HILLENBRAND ET AL. *v.* WITTKEMPER.

PLEADING.—*Practice.*—*Competency of Evidence.*—Where the plaintiff sues upon an open account, wherein it is charged that the defendants are indebted to him for certain personal property sold and delivered at a certain price, evidence tending to prove that the property was worth the price charged is competent.

From the Ripley Circuit Court.

*W. D. Willson* and *C. H. Willson,* for appellants.

*L. L. Perrin* and *G. Durbin,* for appellee.

Howk, J.—This suit was commenced by the appellee against the appellants, before a justice of the peace of Ripley county, to recover a balance of an account. The trial of the cause before the justice resulted in a judgment for the appellants against the appellee, from which the latter appealed to the circuit court. There, the cause was tried by a jury, and a verdict was returned for the appellee, and, over the appellants' motion for a new trial, and their exception saved, the court rendered judgment accordingly.

The overruling of their motion for a new trial is the only error assigned by the appellants in this court. Two causes only were assigned for such new trial, as follows:

1. The verdict of the jury was not sustained by sufficient evidence; and,

2. Error of law, occurring at the trial, in admitting evidence of the value of barley on the 8th day of August, 1878.

This second cause for a new trial is the only one discussed by the appellants' counsel, in their brief of this case.

The appellee sued to recover a balance alleged to be due him on three wagon-loads of barley, sold and delivered by him to the appellants. By way of counter-claim, the appellants alleged that, on the 8th day of August, 1878, they entered into a contract with appellee, by the terms of which he agreed to sell to the appellants one hundred bushels of old barley at thirty-five cents per bushel, and two hundred bushels of new barley at forty cents per bushel, and all of said barley to be delivered by him to them, in Batesville, in said county, as soon as the new barley was threshed; and that the appellants then paid appellee ten dollars as earnest money, and were to pay him the balance as soon as all the barley was delivered. The appellee's breach of this agreement was properly pleaded, with such allegations of fact as tended to show that appel-

lants were damaged by such breach; and they averred that they had at all times been ready and willing to pay for said barley the contract price when it had all been delivered; and that, by reason of appellee's breach of said contract, they had been damaged in the sum of two hundred dollars, for which they demanded judgment.

On the trial below, the appellant John Hillenbrand was a witness for the appellants. The bill of exceptions shows that, on his cross-examination, he was asked by appellee the following question, to wit: "What was new barley worth on the day you bought the barley from the plaintiff?" To which question and the answer thereto, the defendants objected, because the value of barley at that time is immaterial; but the court overruled the objection, and the defendants excepted. The witness then answered: "In Cincinnati, it was worth fifty or sixty cents; in Batesville, it was worth forty cents per bushel." The same question was propounded to two other witnesses, and, over the appellants' objections that it was immaterial, the court allowed the questions to be answered.

We are of the opinion that the court committed no error in admitting the offered evidence, or in requiring the witnesses to answer the questions objected to. There were two causes of action on trial before the court and jury, the one stated in the appellee's complaint, and the other alleged in the appellants' counter-claim. The appellee sued the appellants upon an open account, in which he charged that they were indebted to him for so many bushels of barley, at so much per bushel. As to his cause of action, the appellee had the burthen of the issue. He had to prove not only the number of bushels of barley he sold and delivered to the appellants, but the value thereof per bushel. The evidence objected to was material and competent, as tending to prove that the barley was worth what he charged in the account sued upon.

The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellants' costs, with ten per centum damages.